# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DRAKE BURGER, JENNA WILTON, AND ADAM HENDERSON

    Plaintiffs

v.

BURNS & WILCOX, LTD.

    Defendant

---

## NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Burns & Wilcox, Ltd. ("Burns & Wilcox") hereby removes this action from the District Court of Arapahoe County, Colorado, to the United States District Court for the District of Colorado. In support of this Notice of Removal, Burns & Wilcox states as follows:

### I. PROCEDURAL BACKGROUND

On December 2, 2019, Plaintiffs filed a Complaint ("Complaint") in the District Court for the County of Arapahoe, Colorado, in the case captioned *Drake Burger, Jenna Wilton, and Adam Henderson v. Burns & Wilcox, Ltd.*, Case No. 2019-CV-32798. In accordance with 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1, a copy of the Complaint, including its exhibits, and all other process, pleadings, and orders are attached hereto as **Exhibit 1.** In addition, a copy of the Register of Actions is attached hereto as **Exhibit 2**.

Burns & Wilcox was served with the Complaint on December 3, 2019. *See* Aff. of Service attached as Exhibit 1-D. Burns & Wilcox is the only named defendant in this action. *See* Complaint attached as Exhibit 1-B.

## BASIS OF REMOVAL

This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the alleged amount in controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between the parties.

**A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).**

Plaintiffs allege they were employees of Burns & Wilcox at one time and are parties to certain agreements with Burns & Wilcox. Compl. ¶¶ 8, 10, 12, 16-18. In the agreements at issue, which was attached to the Complaint, Plaintiffs agreed, among other things, that:

> [Burns & Wilcox] has a legitimate need to protect itself from improper or unfair competition and to protect its Confidential Information, as well as . . . [Burns & Wilcox's] client and account relationships with both its prospective and existing clients and accounts, [and] to protect its client goodwill.

Exhibit 1-C at ¶ 5(e).

Plaintiffs further agreed to non-disclosure provisions under which they agreed not to disclose or make improper use of Burns & Wilcox's confidential information, agreed in one non-solicitation provision not to solicit Burns & Wilcox's officers, employees, and contractors for a certain period of time, and agreed in another non-solicitation provision not to, among other things, solicit business from Burns & Wilcox's clients and accounts for a certain period of time. *Id.* ¶ 5(d);

*see also* Exhibit 1-B at ¶ 19-20. Plaintiffs agreed these provisions were "reasonable and necessary to protect . . . [Burns & Wilcox's] operations, legitimate competitive interests, and Confidential Information." Exhibit 1-C at ¶ 5(e).

Plaintiffs also agreed, among other things, that "[v]enue of any action regarding the terms and conditions of this Agreement or any action arising under this Agreement shall be brought in the State courts of Michigan in Oakland County, Michigan or in the Federal court for the Eastern District of Michigan, Southern Division." Exhibit 1-C at ¶ 7(i); *see also* Exhibit 1-B at ¶ 25.[1]

Having resigned from Burns & Wilcox, to join CRC Insurance Services, one of Burns & Wilcox's competitors, Plaintiffs now seek a declaratory judgment declaring, among other things, that the aforementioned restrictive covenants and employee non-solicitation, customer non-solicitation, and non-disclosure provisions, and forum selection and choice-of-law provision in the Agreements are unenforceable and invalid as a matter of law. Exhibit 1-B, Compl. ¶¶ 45-52.

Plaintiffs also seek injunctive relief, requesting, that the Court enter a permanent injunction enjoining Burns & Wilcox, from, among other things, enforcing the restrictive covenants and employee non-solicitation, customer non-solicitation, and non-disclosure provisions, and from enforcing the forum selection and choice-of-law provisions in the Agreements. Compl. ¶¶ 53-55

"In cases seeking declaratory and injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). In making this measurement, "[t]he Tenth Circuit has

---

[1] Accordingly, Burns & Wilcox reserves the right to challenge venue in this action based on, among other things, the above-quoted language in Plaintiffs' contracts.

3

followed what has commonly been referred to as the 'either viewpoint rule' which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount in controversy for purposes of meeting the jurisdictional minimum." *Id.* (citing *Justice v. Atchison, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991); *see also Baker v. Sears Holdings Corp.*, 557 F.Supp.2d 1208, 1212 (D. Colo. 2007).

The contract provisions at issue in this case are vitally important to Burns & Wilcox. Among other things, they ensure against the disclosure of the company's confidential information, protect the company's existing and prospective client and account relationships, preserve client goodwill, and protect the company from improper or unfair competition. If Burns & Wilcox is unable to avail itself of the protections afforded by the contract provisions, it will cost the company in excess of $75,000, exclusive of interest and costs. Accordingly, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

**B. Complete Diversity of Citizenship Exists Between the Parties.**

Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the complaint. *See* 28 U.S.C. §§ 1332 and 1441. The parties to this case are Plaintiffs Drake Burger, Jenna Wilton, and Adam Henderson and Defendant Burns & Wilcox.

Upon information and belief, Plaintiffs are citizens of, reside in, and are domiciled in Colorado. See Compl. ¶¶ 1-3, 9, 11, 13, 44. Accordingly, Plaintiffs are considered citizens of the State of Colorado for purposes of diversity jurisdiction under 28 U.S.C. § 1332. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Burns & Wilcox, Ltd., is a corporation organized and existing under the laws of the State of Michigan, and Burns & Wilcox, Ltd.'s principal place of business is located in Michigan.

4

Accordingly, Burns & Wilcox, Ltd., is considered a citizen of the State of Michigan for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

Because Plaintiffs are citizens of Colorado and Burns & Wilcox is not a citizen of Colorado, there is complete diversity of citizenship between the Plaintiffs and Burns & Wilcox.

## II. COMPLIANCE WITH REMOVAL STATUTES

### A. Proper Venue.

The United States District Court for the District of Colorado encompasses the County of Arapahoe, the county in which Plaintiffs allege the incident complained of occurred. *See* Exhibit 1-B, Compl. at ¶ 7. Arapahoe County is also the county in which Plaintiffs filed the state court action. *See* 28 U.S.C. § 124. Therefore, this case is properly removed to this Court under 28 U.S.C. § 1441(a).

### B. Timeliness of Removal.

The Complaint was filed with the Arapahoe County District Court on December 2, 2019, *See* Exhibit 1-B, and Burns & Wilcox was served with a copy of the Complaint on December 3, 2019. Exhibit 1-D (Aff. of Service.) Because this Notice of Removal was filed within 30 days after service of the Complaint on Burns & Wilcox, this removal is timely under the provisions of 28 U.S.C. § 1446(b). No previous application has been made for the removal of this case to federal court.

### C. Notice.

Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiffs and a copy of this Notice of Removal is being filed with the Clerk for the District Court of Arapahoe County, Colorado.

### III. NON-WAIVER OF DEFENSES

In removing this case to federal court, Burns & Wilcox has not waived any available defenses to the allegations asserted against it in the Complaint and, unless otherwise stated in Burns & Wilcox's pleadings, Burns & Wilcox has not admitted to any of the allegations set forth in the Complaint. Burns & Wilcox expressly reserves the right to assert all available defenses to each allegation in the Complaint.

### IV. CONCLUSION AND PRAYER

As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, Burns & Wilcox respectfully requests that this lawsuit be removed to the United States District Court for the District of Colorado.

Respectfully submitted this 9th day of December 2019.

*s/ Blake A. Gansborg*
Blake A. Gansborg #50585
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 583-9900
Facsimile: (303) 583-9999
Email: blake.gansborg@nelsonmullins.com

*Attorney for Defendant Burns & Wilcox Ltd.*

# CERTIFICATE OF SERVICE

       I hereby certify that on this 9th day of December 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

Roger G. Trim
Steven R. Reid
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2000 South Colorado Boulevard
Tower Three, Suite 900
Denver, CO 80222

*Attorneys for Plaintiffs*

                                                  *s/ Blake A. Gansborg*
                                              of Nelson Mullins Riley & Scarborough, LLP